Judgment affirmed, with costs.

---

In the Matter of the Application of The Board of Street Opening and Improvement of the City of New York Relative to Acquiring Title to Certain Lands in Pursuance of Chapter 320 of the Laws of 1887.

Louis Hanneman, as Committee, etc., of Giovanni Guarino, a Lunatic, Petitioner; Julia Guarino and Others, Respondents.

*Husband and wife — tenancy by the entirety — award for property in condemnation proceedings where the husband is a lunatic — proceeds should be deposited in court and paid to the survivor — Court of Common Pleas has no jurisdiction.*

The proceeds of real property belonging to lunatics or infants, when sold by the order of a court, will be considered real estate so long as the incompetency continues, and upon the death of the lunatic or.infant the money will go to. his heirs.

Where real property, belonging to a lunatic and his wife as tenants by the entirety, is taken in condemnation proceedings for the purposes of a public park

in the city of New York, the committee of such lunatic is not entitled to the possession of any portion of the award, but is only empowered to collect one-half of the income arising therefrom.

In such a case the entire award should be deposited in court, to be retained until the death of one of the .tenants by the entirety, and then paid over to the survivor.

The Court of Common Pleas of the city of New York has no jurisdiction in regard to the disposition of such an award, although it may have previously adjudged such owner to be a lunatic and appointed his committee, such jurisdiction having been conferred upon the Supreme Court by chapter 320 of the Laws of 1887.

MOTION by Louis Hanneman, as committee, etc., of Giovanni Guarino, a lunatic, to confirm the report of a referee directing the distribution of an award made in condemnation proceedings.

*Weekes Bros.* and *William Gasten*, for the motion.

*Andrew G. Cropsey*, opposed.

O'BRIEN, J.:

This is a motion by the committee of the estate of Giovanni Guarino, who was adjudged a lunatic, to direct the chamberlain to pay to him as committee the whole of an award in condemnation proceedings for the value of real estate of which the lunatic and his wife were seized as tenants by the entirety. It comes up upon the report of a referee to whom it was referred to take testimony and report with his opinion. He reported that the fund should be deposited in a trust company to be invested; that one-half of the income from the investment should be paid to the committee and the other half to Julia Guarino, the wife of the lunatic; that the attorneys who appeared for the Guarinos in the condemnation proceedings should have a lien on the award for $1,102 for their services, and that the taxes on the property should be paid out of the income of the property.

It is conceded that the estate acquired by Giovanni Guarino and his wife was one by the entirety; that the awards, being the proceeds of such real property, are held by the same tenure; that the husband and wife are life tenants in common as to the usufruct of these proceeds during their joint lives, the survivor to take the whole of the principal. (*Bertles* v. *Nunan*, 92 N. Y. 152, 156; *Matter of Blauvelt*, 131 id. 249; *Matter of Camp*, 126 id. 384.) Notwithstanding such

concessions, the committee excepts to the conclusions reached by the referee, and insists that as the committee was appointed in a proceeding in the Court of Common Pleas, which adjudged the husband a lunatic, the question of the disposition of the awards should be referred to that court upon the ground that, having first assumed and acquired jurisdiction, such jurisdiction was exclusive, and that if this position is not tenable and this court should assume jurisdiction over the disposition of the awards, the one-half of the principal should be paid to the committee upon giving a bond; that the attorneys who appeared in the condemnation proceedings should have no lien upon the fund, and that the taxes should not be deducted. A brief consideration of the questions thus presented will lead to the conclusion that the referee was correct in his recommendations.

It is true that the Court of Common Pleas first exercised jurisdiction over the person and property of the lunatic, and such jurisdiction being concurrent with the Supreme Court, and, because first exercised, exclusive (Code Civ. Proc. §§ 2320–2344), this court, with respect to matters over which such Court of Common Pleas had jurisdiction, would not interfere. In regard, however, to the disposition of awards made in condemnation proceedings for the purposes of public parks the Court of Common Pleas has no jurisdiction, that having been conferred upon the Supreme Court by chapter 320 of the Laws of 1887, which expressly provides for the payment of such awards into the Supreme Court, " to be secured, disposed of, improved and paid out as the said court sitting at General Term for said district shall direct."

This court having jurisdiction, therefore, we pass to a consideration of the second question presented, as to whether or not the awards should be divided and half paid to the committee and half to the wife. We do not think that the committee is entitled to the possession of any of the award, but that he is only entitled to collect one-half of the income, and we think that the suggestion of the referee, that the entire award should be deposited in a trust company, to be retained until the death of one of the tenants by the entirety, and then paid over to the survivor, is both legal and just. It has been many times held that the proceeds of real property sold by the court, belonging to lunatics or infants, will be considered real estate so long as the incompetency continues; on the death of the lunatic

or infant the money will go to his heirs. (*Horton* v. *McCoy*, 47 N. Y. 21.) The rights of the parties, therefore, are not affected by condemnation, and each has the same rights in the award as he or she formerly had in the land itself, the sum awarded for all purposes to be regarded as real estate. Each tenant by the entirety is seized of the whole estate; and to permit the committee to have the absolute control of one-half of the money in which the wife has an interest would be to wrest it from her and award its custody to a stranger. Upon the husband's death the wife instantly becomes entitled to the whole fund, and even though a bond were given by the committee, the wife would not then receive the money, unless it was voluntarily paid over to her, but would have as a substitute a right of action on the bond. Upon no theory can we predicate the committee's right to the possession and custody of one-half of the award. At best he is but a mere bailiff or servant, and has no title to the property. (*Pharis* v. *Gere*, 110 N. Y. 336.) We think, therefore, that the fund should be held entire, and as already intimated, the income should be divided, one-half going to the wife and the other half to the committee.

Upon the remaining questions, as to the lien of the attorneys who appeared in the condemnation proceedings and the deduction of the taxes from the interest allowed on the awards or the income from the estate, we think the referee was right. As to what the committee should be allowed for his compensation and counsel fees and his claim against the lunatic for board and maintenance and the costs in the lunacy proceedings, these should not be determined in this proceeding, but are matters to be passed upon when the committee accounts in the Court of Common Pleas, where he was appointed.

The disposition of the awards, therefore, should be made in accordance with the views herein expressed.

To the extent stated in opinion, motion to confirm report of referee granted.

FOLLETT, J., concurred; VAN BRUNT, P. J., concurred in result.

Motion to confirm report granted to the extent stated in opinion.