(18 App. Div. 110.)

## In re CAMP'S ESTATE.

(Supreme Court, Appellate Division, Second Department. May 18. 1897.)

GUARDIAN AND WARD—RIGHT OF GUARDIAN AS TENANT BY CURTESY—JURIS-
DICTION OF SURROGATE.

The owner of real estate died pending a proceeding to condemn it. She
was survived by her husband and infant children. After an award had
been made, the husband took out letters of guardianship of the children,
and the award was paid to him, and he receipted for it as guardian. He
did not invest the money, but used it in his business, and afterwards died.
*Held*, that he received the money, not as tenant by the curtesy, but as
guardian, and therefore the surrogate had jurisdiction of a proceeding by
the children to compel his executor to account therefor.

Appeal from surrogate's court, Kings county.

Proceeding by William C. Camp for an accounting by Nelson Cross,
as executor of the will of Calvin B. Camp, deceased, who was petition-
er's guardian. From a decree confirming, as modified, the report
of the referee, the executor appeals, and from so much of the decree
as modified the report petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Frederick B. Jennings, for appellant.
W. C. Beecher, for respondent.

BRADLEY, J. The petitioner, William C. Camp, was one of four
children surviving their mother, Mary E. Camp, who died in October,
1866, seised in fee of the real property hereinafter referred to. She
was also survived by Calvin B. Camp, her husband, and father of those
children. Prior to her death, proceedings were instituted for the con-
demnation of certain of her real estate, by the city of Brooklyn, for a
public park. After her death they resulted in an award of $26,000.
The children were then infants; and after letters of guardianship
were issued to the father, and on February 18, 1868, the amount of
the award was paid to him by the comptroller of the city, and receipt-
ed by him as such guardian. He made no investment of the fund,
but appropriated the money to his own use in his business, which, for
the want of funds, he was finally obliged to discontinue. He died
in January, 1893, leaving a will, which was admitted to probate in
May following, and letters testamentary were issued to the appellant,
Nelson Cross. This proceeding was instituted in January, 1895, to
require the executor to account for the proceeding of his testator as
guardian of the petitioner. By his answer, the executor, upon in-
formation and belief, denied that his testator received, as guardian of
petitioner, any money from the city of Brooklyn, and alleged that he
was entitled to the use of such money as tenant by the curtesy, and
that the surrogate's court had no jurisdiction in the matter. After
being directed to do so, the executor filed his account, to the effect
that no property had come into his hands as such representative of
Calvin B. Camp, deceased, as the general guardian of the petitioner,
and that he had paid out nothing on the account of his testator as
such guardian. Exceptions of the petitioner were filed to the ac-

count, and a referee was appointed, before whom the hearing was had, and he determined that the petitioner was entitled to a decree against the executor for $6,500, and interest from the time of the death of his testator. When the matter came before the surrogate's court upon the report of the referee, that court declined to adopt the report entire, but determined that the executor was entitled to credit of one-quarter of $1,500 for expenses incurred by his testator in the litigation attending the condemnation proceedings before March, and $1,500 paid by the testator in settlement of a claim against the petitioner; and, as so modified, the referee's report was confirmed, and decree entered accordingly.

It is asserted on the part of the executor that the money did not come into the hands of Camp as guardian, and that he neither received nor held it as such, and therefore there was no jurisdiction in the surrogate's court to make the decree. It is true that the money represented the land condemned by the city, and that the testator, as tenant by the curtesy, was entitled to the income of it during his life. If there had been nothing to otherwise characterize his relation to the fund when he took possession of it, there would be much force in the proposition urged by the counsel for the executor that the nature of the interest of the children was that of an estate in remainder, and that their remedy for recovery or an accounting was available only in another forum. But his right to take the actual possession of the corpus of the fund as tenant by the curtesy without security was not unqualified. In re Blauvelt, 131 N. Y. 249, 30 N. E. 194. And it may be assumed that, to enable him to have the custody of it, he obtained the appointment of general guardian for the infant children, qualified as such, and did what was requisite to permit him to act in that relation. Thus equipped, he received the money, and receipted for it as·guardian. While this did not impair or qualify his status as tenant by the curtesy so far as related to the use or income of the fund during his life, it did superadd the relation of guardian, recognizable for the purpose of an accounting on the termination of his tenancy. This was the apparent view of the court of appeals on the review of a former proceeding, which was held to be premature. In re Camp, 126 N. Y. 377, 27 N. E. 799. And such was the view and determination of the general term in this proceeding. 91 Hun, 204, 36 N. Y. Supp. 1123. The conclusion follows that the matter was within the jurisdiction of the surrogate's court.

The remaining question has relation to the amount which the petitioner was entitled to have awarded to him by the decree. It is insisted that the court erred in treating the entire $26,000 as representing the value of the proceeds of the land, because a portion of the amount was awarded for injury to the house, a section of which was included in the premises taken, requiring, as the consequence, the remodeling or reconstruction of the house. It is therefore urged that as the duty ordinarily rests upon a life tenant to maintain and keep in repair premises in which he has such an estate, and as the requisite expense to repair the injury to the house incurred by him may be deemed to have been included in the award, he should not be required to account for that much of the amount awarded. The answer to

this contention is in the fact that the life tenant did not treat the repair or reconstruction thus required, and which he caused to be made, of the house, as within the repairs chargeable to him as such tenant; but, to raise the money for that purpose, he caused a mortgage to be made upon land of which his wife died seised, and upon that security the money was borrowed. So far as appears, he may be deemed to have regarded the expense of that improvement as chargeable to the estate in remainder. The entire amount of the award was properly treated as representing the land taken by the city.

It is contended by the learned counsel for the petitioner that the court erred in allowing the credits resulting in the modification of the report of the referee, for the reason that they were not supported by vouchers, as required by the statute. Code Civ. Proc. § 2729. This would clearly have been so if the proof of them had been dependent upon evidence offered by the executor. But the petitioner put in evidence an account filed by the testator in the prior proceeding, in which was included, not only the receipt by him of the $26,000, but also those credits so allowed by the surrogate. It does not appear to have been any part of the account of the executor in this matter. This was the statement of the testator filed some years before. It was independent of this proceeding, and was put in evidence without qualification. Although the question may not be entirely free from doubt, we think that, under such circumstances, the statement so introduced on the part of the petitioner was evidence of those items of credit. The sufficiency of proof to support the allowance of those credits does not rest upon estoppel. The introduction by the petitioner of the statement of the account so rendered by the testator in the former proceeding did not give conclusive effect to the evidence of those credits. They were subject to attack by counteracting evidence on the part of the petitioner. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701; Manhattan Co. v. Phillips, 109 N. Y. 383, 17 N. E. 129. None was introduced. It is not seen that the surrogate treated the evidence in that respect as conclusive, but it may be assumed that he deemed it sufficient to establish those credits. The report of the referee was in some sense advisory in character. The evidence, also the facts and conclusions of law found by him, were subject to the reconsideration of the surrogate, with a view to his confirmation or modification of the report. Code Civ. Proc. § 2546. In the view taken of the case, there is no occasion to further modify the findings of the referee, or to disturb the conclusion of the surrogate.

The decree should be affirmed. All concur.