(26 Misc. Rep. 345.)

### CANFIELD v. FALLON et al.

(Supreme Court, Special Term, Rockland County. February, 1899.)

1. WILLS—CONSTRUCTION—DESIGNATION OF BENEFICIARIES—HEIRS.
    Where the word "heir" is used in a will so as to mean children or descendants, it is the duty of the court to give it that meaning.
2. SAME—VESTED AND CONTINGENT REMAINDERS.
    Under 1 Rev. St. p. 723, § 13, providing that future estates are vested, where there is a person in being who would have an immediate right to the possession of the lands on the ceasing of the intermediate or precedent estate, an estate having been devised to the wife "during her widowhood," and after her death the income from one-half thereof in trust to executors for a daughter "during her natural life," and after the death of the daughter the said one-half "to be equally divided among her [children] as they shall attain the age of twenty-one years," and the widow and the children of the daughter having died before the daughter, the children being intestate and unmarried, the daughter inherited her children's one-half of the

estate in remainder; the title in fee to the one-half having vested in the grandchildren immediately on the death of the testator. This is true whether the executors had any title to the principal of the estate, as trustees, or not.

Action by Isaac B. Canfield against Andrew Xavier Fallon and another, as executors, and others, for construction of a will.

Daniel D. Sherman (Gerrit Smith, of counsel), for plaintiff.

Thomas C. T. Crain, for defendants Fallon and Kenneson, executors, and Fannie Faye Hunt.

J. Du Pratt White, for defendants Catharine E. Gulbrandson and others.

E. T. Payne, guardian ad litem for infant defendants Catharine B. Canfield and others.

HIRSCHBERG, J. This action is brought for the construction and determination of the rights of Julia Frances Mansfield under the will of Isaac I. Blauvelt, and for the partition of certain real and personal property among the parties according to their interests as so ascertained. Isaac I. Blauvelt died December 12, 1861, leaving a last will and testament, relating to both real and personal property, as follows:

"The last will and testament of Isaac I. Blauvelt, of Orangetown, in the county of Rockland, and state of. New York, made, published, and declared in manner as follows: First. I order all my debts and funeral expenses to be paid as soon as convenient. Secondly. I give unto my wife, Catharine, during her widowhood, the use of all my real and personal estate; authorizing her to. sell and dispose of any of my real estate as to her shall seem just, giving and executing all deeds and writings necessary to secure the purchasers in all right of ownership in the same manner as I could have done if living. After the death of my wife, Catharine, I order that my property be equally divided between my children, Catharine Elizabeth and Julia Frances; that is to say, I give to my executors, in trust, for and during the natural life of my daughter Catharine Elizabeth, for her sole use and benefit, the income and profits of the one equal half of all my real and personal estate. And after her death I order the said half of my estate to be equally divided among her heirs as they shall attain the age of twenty-one years each, if any shall be minors at the time of her death. I also give to my executors, in trust, for and during the natural life of my daughter Julia Frances, for her sole benefit and use, the income and profits of the other one equal half of all my real and personal estate; and after her death I order the. said half of my estate to be equally divided among her heirs as they shall attain the age of twenty-one years each, if any shall be minors at the time of her death. And I further direct my executors to· pay the said income and profits to my daughters Catharine Elizabeth and Julia Frances in half-yearly payments, the said Catharine Elizabeth and Julia Frances giving their receipts for the same. If either of my children, Catharine Elizabeth or Julia Frances, should die before their .heirs shall have attained the age of twenty-one years, I order said heirs to receive their proportion of the income to which their mother was entitled while living, in half-yearly payments. Lastly, I constitute my wife, Catharine, and my daughters, Catharine Elizabeth and Julia Frances, executrices of this, my last will and testament. In witness whereof, I have hereunto set my hand and seal this twenty-ninth day of March, one thousand eight hundred and forty-nine."

At the time of his death the deceased, Isaac I. Blauvelt, left, him surviving, his widow, Catharine, and the two daughters named in the will. The daughter Catharine Elizabeth was then married; and

had six children. The daughter Julia Frances was then a widow, and had one child, a girl about 14 years of age. The testator's widow died July 4, 1896, never having remarried. Catharine Elizabeth died intestate January 31, 1897, leaving, her surviving, six children; one having died after the testator, intestate and unmarried, and one having been subsequently born. The six surviving children are the plaintiff and the defendants Catharine E. Gulbrandson, Frances A. Canfield, Ellen F. Canfield, Julia E. Canfield, and Lucy F. Warner. The child of the daughter Julia Frances died about three years after the testator, intestate and unmarried. Julia Frances thereafter remarried, but no child was born of that marriage. She died October 1, 1897, after the commencement of this action; her second husband having died before her. She left a will, naming the defendants Andrew Xavier Fallon and Thaddeus D. Kenneson executors, and giving all her property and estate, after the payment of certain legacies, one-half to her stepdaughter, the defendant Fanny Faye Hunt, and the other half to such children of her nephew, the plaintiff, Isaac B. Canfield, as should survive her; to be divided equally among them. Such surviving children are the infant defendants, Catharine B. Canfield, Arthur F. Canfield, Lloyd H. Canfield, Florence S. Canfield, and Isaac M. Canfield.

The only question presented and contested upon the trial was whether, by the terms of the will, the interests of the testator's grandchildren vested at his death, and, as a result, whether his daughter Julia Frances inherited her daughter's one-half of the estate in remainder on the death of the latter. The converse of the proposition stated has been argued with great amplitude and elaboration, but the question appears to have been settled in this state in favor of the vesting of the interests. In other words, the daughter of Julia Frances took one-half of the estate of the testator in fee immediately upon his decease, subject to the life estate of the testator's widow, and to the trust created for the benefit of Julia Frances during life. The primary canon of interpretation is to follow the intention. The scheme of the will is simple. The testator intended his wife to have the use of all his property during life or widowhood. She took a life estate. In re Blauvelt, 131 N. Y. 249, 30 N. E. 194. At her death each of his daughters was to have the use of one-half of the property during life, with remainder to her children. There is no element of uncertainty, such as may arise when the remainder is limited to children surviving the life tenant; but the disposition is for the benefit of the children absolutely, subject to the life estates, and also to possible diminution in amount by the birth of other children. The word "heirs," used by the testator, is clearly used in the sense of children or descendants, and not in its broad and general sense. This is evidenced, not only by the provision that they are to receive their shares as they respectively attain majority, but also by the provision that, should either of the testator's daughters die before their "heirs" attain the age of 21 years, said "heirs" should receive their proportion of the income to which "their mother" was entitled while living. Where the word "heir" is used in a will so as to mean children or descendants, it is the duty of the court

to give it that meaning, in construing the will. Norris v. Beyea, 13 N. Y. 280; Bundy v. Bundy, 38 N. Y. 410; Scott v. Guernsey, 48 N. Y. 106; Livingston v. Greene, 52 N. Y. 118; Lytle v. Beveridge, 58 N. Y. 592; Thurber v. Chambers, 66 N. Y. 42; Smith v. Scholtz, 68 N. Y. 41; Surdam v. Cornell, 116 N. Y. 305, 22 N. E. 450; Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177; Heath v. Hewitt, 127 N. Y. 166, 27 N. E. 959.          .

The statute provides that:

"Future estates are either vested or contingent. They are vested, when there is a person in being, who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate. They are contingent, whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain."   1 Rev. St. p. 723, § 13.

The interests of the grandchildren were vested at the testator's death, under the strict terms of this definition. In respect of this question, it is wholly immaterial whether the executors have any title to the principal of the estate as trustees. There is no trust beyond the income conferred upon them by the express provisions of the will, and the vesting of the grandchildren's interests will not be postponed by a trust spelled out by implication. The case of Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805, chiefly relied on by the counsel for the children of Catharine Elizabeth, is not in point. That was the case of a trust deed made for the benefit of the grantor during life, and upon the further trust at her death to convey the lands to the grantor's children living at her decease, and the surviving children of such of them as may then be dead. The court held that no present estate passed to the children. It said (page 460, 125 N. Y., and page 808, 26 N. E.):

"It is the uncertainty here as to the precise persons in whom would exist the right to enforce the execution of the power in trust, if, upon Mrs. Curtis' death, any estate remained to be conveyed, that introduces the element of contingency."

In the more recent case of Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811, where the executors were directed to divide the residuary estate into as many shares as the testator had surviving children, one share to be held in trust for each child for life, and the principal to be transferred, on the death of the beneficiary, to his or her surviving issue, it was held that the issue of any child of the testator living at his death took a vested remainder in the share held in trust for the parent. The court distinguished Townshend v. Frommer (page 30, 142 N. Y., and page 812, 36 N. E.), as follows:

"The case of Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805, does not, and was not intended to, overturn the general doctrine that remainder-men are not bound by a conveyance of the estate to which their interest attaches, unless they are parties thereto in fact or in law. The case was peculiar and anomalous, and involved complicated questions under the law of trusts and powers. It arose under a trust deed, whereby the grantor retained the beneficial use of the property for life, and which contained directions for the disposition of the fee, after her death, to persons who were not ascertainable until the happening of that event. The intention of the grantor, deduced by the court from the transaction, was to postpone the accruing of any future interests until that event happened. The present case affords no ground for such a presumption."

It is to be noted that the learned judge who wrote for the court in Townshend v. Frommer concurred in the decision of Campbell v. Stokes.

In determining the intention of the testator, the leading inquiry, of course, is whether the gift itself is immediate, the time of payment or enjoyment only being postponed, or whether the gift itself is future and contingent, depending upon the beneficiary arriving at age, surviving some other person, or the like. In the latter case, futurity is said to be annexed to the substance of the gift; and, as a general proposition, this is the case where the only gift is found in a direction to divide at a future date. But the general rule that, when a testamentary gift is found only in a direction to divide at a future time, the gift is future and contingent, is not controlling, but is subordinate to the primary canon that the construction shall follow the intent to be collected from the whole will. Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388. It was accordingly held in that case that where the testator gave his residuary estate to trustees in trust to pay one-half the income to his widow, for the support of herself and his minor children, and the other half, after the payment of mortgages, for the benefit of his children, with a direction, upon the youngest child attaining the age of 21 years, to divide all the estate equally among his children, each of the children living at the time of the testator's death took a vested remainder in his proportionate share, dependent upon the termination of the trust, and that the share of one who died after the testator, but before the period of distribution, descended to his heirs at law or next of kin, according to the nature of the property. To the like effect is the case of In re Brown, 154 N. Y. 313, 48 N. E. 537. There all the estate was given to the executors in trust to pay an annuity to the widow during life or widowhood, and a specific share of the residue of the income to each child during life, with remainders over to the children's children, such remainders being created only by a direction to pay over and divide upon the termination of each respective precedent trust; and the court held that, while the trust estate vested in the trustees, the remainders were never given to them; that they were not the owners of the absolute fee, but simply of so much of the estate as was put in trust, and as was necessary to provide the income; and that the shares of the grandchildren vested at the testator's death. The rule of construction in Goebel v. Wolf, supra, was reiterated; and, citing Schouler, Wills, §§ 529, 530, and 2 Jarm. Wills (6th Ed.) 168, it was declared (page 326, 154 N. Y., and page 540, 48 N. E.) that, even assuming "that at the time of the execution of the will the gift to the grandchildren was to a class, it does not necessarily follow that their estates did not vest, as tenants in common, upon the decease of the testator; for, in the absence of a different intention disclosed in the will, the class will be ascertained and determined as of the death of the testator." It is to be observed that, in the will then under consideration, the language creating the remainder was that "on her decease the principal shall be paid over to her children." Page 320, 154 N. Y., and page 538, 48 N. E. There was no element of uncertainty, no limitation dependent upon survivorship, but a post-

ponement only of the date of payment. The difference in construction dependent upon the presence or absence of this element is illustrated by McGillis v. McGillis, 154 N. Y. 532, 49 N. E. 145, where it was held that in a devise to a married daughter for life, and, in case her husband survived her, to him for life, and from and after their death to the lawful issue of the daughter then living, the remainder was contingent and not vested. "The rule is well settled in this state," said the court in Hersee v. Simpson, 154 N. Y. 500, 48 N. E. 891, "that a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as being vested. Words or phrases denoting time, such as 'when,' 'then,' and 'from and after,' in a devise of a remainder, limited upon a particular estate, determinable on an event which must necessarily happen, are construed to relate merely to the time of the enjoyment of the estate, and not to the time of its vesting. This is especially so in the construction of devises of real estate. Moore v. Lyons, 25 Wend. 119, 144; Sheridan v. House, *43 N. Y. 569; Livingston v. Greene, 52 N. Y. 118, 123; Ackerman v. Gorton, 67 N. Y. 63, 66; Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008." - Accordingly, held, that under a devise of a life estate to the testator's wife, with a provision that "from and after her decease" the property should be disposed of according to the statutes governing the descent of real estate, the heirs of the testator upon his death took a vested remainder in his real property. In Nelson v. Russell, above cited, it was held that the presumption is that a testator intends that his dispositions shall take effect, in enjoyment or interest, at the date of his death; and upon the happening of that event, unless the language of the will, by fair construction, makes his gifts contingent, they will be regarded as vested. Words of survivorship and gifts over on the death of the primary beneficiary are to be construed, unless a contrary intention appears, as relating to the death of the testator.

The general principle has been applied by the court of appeals, in cases similar or analogous, in addition to those above cited, in Tucker v. Bishop, 16 N. Y. 402; Gilman v. Reddington, 24 N. Y. 9; Everitt v. Everitt, 29 N. Y. 39; Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92; In re Brown, 93 N. Y. 295; Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241; Trust Co. v. Roche, 116 N. Y. 120, 22 N. E. 265; Van Axte v. Fisher, 117 N. Y. 401, 22 N. E. 943; In re Tienken, 131 N. Y. 391, 30 N. E. 109; In re Young, 145 N. Y. 535, 40 N. E. 226; and In re Seaman's Estate, 147 N. Y. 69, 41 N. E. 401. See, also, Doe v. Provoost, 4 Johns. 61; Linton v. Laycock, 33 Ohio St. 128; Doe v. Considine, 6 Wall. 458; Cropley v. Cooper, 19 Wall. 167; and McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652.

I have carefully examined the numerous authorities cited in behalf of the children of the testator's daughter Catharine Elizabeth. They are instances where the intention, deduced from the language of the instrument itself, was not to create any present right to a future estate, but a future interest only, in some cases to be conveyed by a power in trust conferred by deed, the reversion meanwhile remaining in the grantor or his heirs, subject to the execution

of the power, or they are instances where final distribution is to be made among a class whose members can only be determined on the happening of an uncertain contingency, and who, as a class, are strictly confined to those who may come within the appropriate category at the time of the division.

I find that one-half of the testator's estate vested in remainder in his granddaughter, the child of his daughter Julia Frances, immediately upon his death; that upon the death of this child her mother succeeded to such one-half; and that the same is to be distributed in accordance with the terms and provisions of her mother's will. Ordered accordingly.