In the Matter of the Final Account of WILLIAM A. WALLISH, as Committee of the Property of MARION WALLISH, an Incompetent Person. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Surety, Appellant; WILLIAM A. WALLISH, as Committee of the Property of MARION WALLISH, an Incompetent Person, JOSEPHINE M. CAIN, as Special Guardian of MARION WALLISH, an Incompetent Person, and CENTRAL ISLIP STATE HOSPITAL, Respondents.— Final order settling the accounts of a committee of an incompetent and surcharging him with one-half of the proceeds of the sale of certain real property, title to which was held by the committee and the incompetent (husband and wife) as tenants by the entirety, affirmed, with fifty dollars costs and disbursements. The judicial sale of the property was not and is not the equivalent of a consent by the incompetent spouse to a termination of the estate by the entirety and the transforming of it into a tenancy in common. The proceeds continue to be subject to the incidents of an estate by the entirety. (Civ. Prac. Act, § 1402; Matter of Board of Street Opening, 89 Hun, 525, 526; Walrath v. Abbott, 75 id. 445, 451.) Apart from the precise statutory provision providing that there shall be no change in the nature of the estate pursuant to a judicial sale, the cases relied upon by the committee proceed on the premise of the actual giving of a consent to the termination of the estate by the entirety by both spouses. A sale of property under a judicial order in which an incompetent has an interest is not the equivalent of such a consent. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.

PAULINE WEINSTEIN LIPMAN, Appellant, v. HERMAN LIPMAN, Respondent.— In an action for separation from bed and board upon the grounds of abandonment and non-support, order granting, on terms, the motion of the respondent, returnable April 5, 1937, to vacate and set aside the judgment of separation in favor of the appellant, entered in this action by default on May 13, 1933, affirmed, without costs. The Special Term, in the situation disclosed in this record, had inherent power, notwithstanding the provisions of the Civil Practice Act, section 528, to entertain and to grant the motion of the respondent, made more than two years after the entry of the judgment. Our determination is not in conflict with the ruling of the Court of Appeals in Gysin v. Gysin (263 N. Y. 509), in which, in a dictum, a suggestion is made which may be construed to mean that unless fraud exists such a motion to vacate may not be made after the expiration of two years from the entry of the judgment. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.