OPINION OF THE COURT
Albert H. Buschmann, J.
This is a motion by John J. Courtney, as conservator of the property of Emily Szymanski, for an order disposing of the net proceeds of a court-ordered sale of certain real property previously owned by decedent Stanley Szymanski and his wife, Emily Szymanski, as tenants by the entirety.
By order dated August 10, 1977, this court authorized and directed the above-named conservator to sell the Szymanski residence located in Flushing, New York, in accordance with *879 the terms and conditions of a contract of sale dated March 14, 1977. The sale was ordered on the ground set forth in subdivision 2 of section 1711 of the Real Property Actions and Proceedings Law, namely, that the conservatee’s "interests [would] be substantially promoted by disposition” inasmuch as neither the conservatee nor her husband was capable of maintaining the realty due to their old age and poor health. Following the execution and delivery of a deed of the conservatee’s interest in the premises, the conservator reported the sum of $45,340 as the total proceeds received, after certain adjustments, and deposited it in the conservator account. In the final months of 1977, this court ordered partial disposition of the proceeds of sale in a sum approximating $3,800, representing legal fees and brokerage commissions, appraisal costs, reimbursement of disbursements incurred in connection with the sale and those incurred by the conservatee’s daughter for the care and board of her mother, and the costs required to maintain the conservatee at the nursing facility where she was confined. Prior to the supplemental partial disposition of the proceeds, Stanley Szymanski died on December 1, 1977.
The issue is whether the proceeds of a forced sale of realty held as a tenancy by the entirety retain this particular estate characteristic. In a similar case involving a husband and his incompetent wife owning real property as tenants by the entirety, the court held: "The judicial sale of the property was not and is not the equivalent of a consent by the incompetent spouse to a termination of the estate by the entirety and the transforming of it to a tenancy in common. The proceeds continue to be subject to the incidents of an estate by the entirety.” (Matter of Wallish, 252 App Div 862.)
The statute relied upon in that decision was section 1402 of the Civil Practice Act, later renumbered 1399 and from which section 1755 of the Real Property Actions and Proceedings Law derived.
This statute deems the proceeds of a sale of real property of an infant or incompetent as "property of the same nature as the estate or interest sold.” (Real Property Actions and Proceedings Law, § 1755.) Therefore, inasmuch as the property herein was an estate by the entirety, the conservatee and her husband would each be seized of the whole of the proceeds derived therefrom and not of any separate part. Furthermore, just as the death of one spouse results in the whole of the estate by the entirety surviving to the other (Steltz v Shreck, *880 128 NY 263), this conservatee became entitled to the entire net proceeds as of December 1, 1977 by reason of the death of her husband on that date.
Accordingly, the conservator is directed to hold the net proceeds now in the account as assets of the conservator of Emily Szymanski.