HELEN G. CLEERE, Plaintiff, *v.* JEREMIAH T. RILEY, Individually and as Executor of the Will of PATRICK RILEY, Deceased, and Others, Defendants.

Supreme Court, Monroe County, April, 1924.

**Partition — plaintiff's testator devised property in question to wife to hold in trust and use for her support and support of children and on her death to be divided among " my children or their heirs "— wife of intestate is living — plaintiff, one of testator's children, does not have vested interest as tenant in common in property — consent by wife to partition and agreement to accept cash value does not confer on plaintiff present right to reduce her share to possession under Real Property Law, §§ 38 and 40 — plaintiff has contingent interest only and cannot maintain action under Civil Practice Act, § 1014.**

A child of testator has a contingent interest only in real estate which the testator devised to his wife to hold in trust for her support during her lifetime and for the support of his children during their minority, with provision that after the death of his wife the property should be divided equally among his " children or their heirs," and she cannot, therefore, during the life of the wife, maintain an action for the partition of the real estate under the provisions of section 1014 of the Civil Practice Act.

A consent executed by the wife for the granting of the relief demanded in the complaint and an agreement by her to accept the computed cash value of her interest in the property does not confer upon the plaintiff under sections 38 and 40 of the Real Property Law a present right to reduce to her own possession and use the share of the property which would be hers in the event she outlived her mother, for until her mother dies it cannot be ascertained whether or not she will ever be entitled to any part of the property.

MOTION to dismiss the complaint in an action for partition.

*W. Smith O'Brien,* for the plaintiff.

*Lapham, McGreevy & Ryan,* for the defendant Thomas J. Gallagher.

*Daniel Moran,* for the defendants Mary Gallagher, Margaret Gannon, Jeremiah T. Riley et al.

SAWYER, J. I find myself unable to assent to the proposition that plaintiff Helen G. Cleere is, at this time, authorized to demand partition of the premises described in the complaint.

Her interest in parcels Nos. 1 and 2 and in the undivided half of parcels Nos. 3 and 4 is derived from the will of her father, Thomas

Gallagher, deceased, as is also that of Patrick J. Gallagher, Thomas J. Gallagher, Mary Gannon and Mary Gallagher. Their interest in the remaining undivided half of parcel No. 4 comes through a trust deed from Patrick Riley to the defendant Mary Gallagher, while that of the defendants Jeremiah T. Riley, John J. Riley, Francis W. Riley, Mary E. Riley and Patrick Riley, Jr., is only the remaining undivided half of parcel No. 3 and came to them by the will of Patrick Riley, deceased, who at the time of the death of Thomas Gallagher was a joint owner with him of parcels Nos. 3 and 4.

The will of Thomas Gallagher contained the following provision:

"*First.* After all my lawful debts are paid and discharged, I give and bequeath unto my wife Mary Gallagher all of the property both real and personal that I may be the owner of at the time of my death, to hold in trust and use for the support of herself during her lifetime, and the support of my children during their minority, and after the death of my said wife the said property shall be divided equally among my children or their heirs."

His wife, Mary Gallagher, is still living and has executed a consent to the granting of the relief demanded in the complaint, agreeing to accept the computed cash value of her interest in the property, as provided in section 1014 of the Civil Practice Act.

The question presented is whether plaintiff has such a vested remainder, as tenant in common in the premises, as will entitle her to maintain an action for partition under the provisions of said section 1014. It is well settled that the intent of Mr. Gallagher as made manifest by his will is, unless the same is contrary to law or public policy, to be carried into effect. *Salter* v. *Drowne*, 205 N. Y. 204, 212. All the many cases which have come to my attention have been primarily disposed of in the light of that proposition and seeming conflicts of decision, which are sometimes to be found, can almost invariably be reconciled by a study of the particular instrument then before the court. Plaintiff insists that the interest of the defendant Mary Gallagher is simply that of a life tenant; that title vested in the children immediately upon the death of her husband, a position which is likewise taken by all the answering defendants except Thomas J. Gallagher, who stands upon the proposition that the will created a valid trust in Mrs. Gallagher and that the title, therefore, vested in her and there remains until the trust shall be ended by her death. In view of decedent's evident intent that there should be no distribution of his property, either personal or real, until after the death of his wife, nice legal distinctions between life tenancies and trusts are of little importance; although it may be pertinent to inquire whether a valid trust for

the benefit of the minor children was not created by the will and, if so, whether it can be said that Mr. Gallagher in one sentence created both a trust and a simple life tenancy, the one to terminate piecemeal as each child became of age, its corpus forthwith merging proportionally into the other.

It will be observed that the time of division of the property among the children is expressly postponed until after the death of the mother and that the direction is that then the division shall be had, not between the children, *their heirs, devisees or assigns,* but between the children *or their heirs.* In other words, they were, until then, to have no title which they could alienate by will or by deed, and in event of death before their mother, as has with one happened, they were to have no interest whatever in the property. In event of their prior death the interest which they otherwise would have obtained was given directly to those who might then be their legal heirs. Such is the scheme of the will as I read it.

It is said that sections 38 and 40 of the Real Property Law are, nevertheless, conclusive, for, if the death of the mother should occur to-day, plaintiff, although her estate is unquestionably one in future, would have the immediate right of possession and that it is, therefore, vested. If the second sentence of section 40 be read apart from the remainder of the last sentence, the argument has plausibility. Reading the two sentences of the section together, however, the Court of Appeals has held that the mother, by releasing and abandoning her interest in the premises cannot confer on plaintiff a present right to reduce to her own possession and use the share of the property which would be hers in event she outlived her mother. *Dougherty* v. *Thompson,* 167 N. Y. 472.

Until the mother's death the owner of that particular share cannot be known, and should plaintiff's possession of the land or its proceeds by means of this action or otherwise now become absolute, and she die before her mother, the person to whom Mr. Gallagher directed it to be finally paid over would have been deprived of his or her testamentary benefit.

Again, it will be observed that the direction of the will to pay over at a future time is not to certain persons *eo nomine* but to a class of persons then to be ascertained. Under such circumstances time is of the essence of the gift and the remainder contingent and unvested; futurity is annexed to its substance and the vesting, therefore, suspended. *Clark* v. *Cammann,* 160 N. Y. 315; *Matter of Crane,* 164 id. 71, 76, 77; *Roosa* v. *Harrington,* 171 id. 341, 350, 351; *Matter of Baer,* 147 id. 348.

Judge Parker in *Matter of Crane, supra,* discusses at some length the case of *Matter of Embree,* 9 App. Div. 602; affd., 154 N. Y. 778,

which is relied on by plaintiff to support her contention herein. At page 77 he clearly points out the real distinction between that case and this, as being in the fact that there those who were to ultimately take were determined at the time of testator's death, whereas here, they can only be known when the widow of Mr. Gallagher shall have died.

In other words, using the terse language of Chancellor Kent, quoted in *Lewis* v. *Howe*, 174 N. Y. 340, 347: " It is not the uncertainty of enjoyment in the future, but the uncertainty of *the right* to that enjoyment that makes the difference between the vested and the contingent interest." So with plaintiff and her brothers and sister, their *right* to enjoy. this property in the future ·is filled with uncertainty in that it depends upon their having the good fortune to outlive the intervening estate of their mother.

No profit can be added to this discussion by reference to the many other cases which diligence of counsel have brought to the attention of the court. It is sufficient, as was remarked at the outset, to say that, while sometimes apparently contradictory, they may in nearly every instance be reconciled with each other, and all of them uphold the proposition that the intent of the testator is to always govern.

Other questions have been presented and argued, but in view of my conclusion that plaintiff has not such a vested interest as is contemplated by section 1014 of the Civil Practice Act, same are not here considered.

The motion of the defendant Thomas J. Gallagher to dismiss the complaint herein is granted, with costs.

Ordered accordingly.