EUGENE C. KRAUS, Respondent, v. LEO KRAUS and Another, Appellants.— Interlocutory judgment affirmed, with costs. The 12th finding of fact in defendants' requests to find is disapproved and reversed. All concur, except Crouch, J., who dissents; Hubbs, P. J., not sitting.

FRED C. ZORNOW, as Administrator, etc., of ERNEST ZIMMER, Deceased, Respondent, v. PRUDENTIAL INSURANCE COMPANY, Appellant.— Judgment affirmed, with costs. All concur; Hubbs, P. J., not sitting.

THE PURSER COAL COMPANY, INC., Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event, on the ground that questions of fact were presented, both as to the negligence of the defendant and as to contributory negligence of the plaintiff's employee on the authority of *Horton* v. *N. Y. C. R. R. Co.* (237 N. Y. 38). All concur; Hubbs, P. J., not sitting.

RUTH BURNS McMILLEN, Respondent, v. ELIAS BUSH GUILE, Appellant.— Judgment and order affirmed, with costs. All concur; Hubbs, P. J., not sitting.

JOHN BROWN, as Administrator, etc., of GERALD BROWN, Deceased, Respondent, v. ROCHESTER TAXICAB COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur; Hubbs, P. J., not sitting.

WILLIAM M. GWYNN and Another, by MARY M. GWYNN, Their Guardian ad Litem, and Others, Respondents, v. THOMAS M. OSBORNE, Appellant.— Judgment affirmed, with costs. All concur; Hubbs, P. J., not sitting.

JOHN MIKE and Another, Appellants, v. JACOB LEVY and Another, Respondents.— Order reversed on the law, with costs, and verdict reinstated, with costs, on the ground that the learned trial justice erred in holding that plaintiffs were required by law to be south of the center of the road. (Highway Law, § 286, subd. 9, as amd. by Laws of 1922.)* That rule applies ordinarily only where one vehicle meets another. (29 C. J. 651, and cases cited.) And, in any event, the question of causal connection between the alleged negligent act of plaintiffs and their own injury was properly for the jury. All concur; Hubbs, P. J., not sitting.

WINDHOLZ CANNERIES, INC., Respondent, v. JOHN PODGER, Appellant.— Judgment affirmed, with costs. All concur; Hubbs, P. J., not sitting.

HELEN G. CLEERE, Appellant, v. JEREMIAH T. RILEY, Individually and as Executor, etc., of PATRICK RILEY, Deceased, and Others, Appellants, Impleaded with THOMAS J. GALLAGHER, Respondent, and Others, Defendants.— Judgment affirmed, with costs. All concur; Hubbs, P. J., not sitting.

MICHALINA WAWRZYNIAK, as Administratrix, etc., of JACOB WAWRZYNIAK, Deceased, Respondent, v. SAMUEL GREENFIELD, Appellant.— Judgment and order affirmed, with costs. All concur; Hubbs, P. J., not sitting.

JAMES NEFSEY, Respondent, v. LOCAL MILK AND CREAM COMPANY, INC., Appellant.— Judgment affirmed, with costs. All concur; Hubbs, P. J., not sitting.

MARY E. McCAUL, Respondent, v. CITY OF OLEAN and Others, Appellants.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

---

* Verdict was for $800. See Highway Law, § 286, subd. 9, added as subd. 3 by Laws of 1910, chap. 374, and renumbered by Laws of 1918, chap. 540, as re-enacted by Laws of 1921, chap. 580. See, also, General Highway Traffic Law, § 12. subd. 4; Rochester Traffic Ordinance of 1922, § 9, subd. 1.— [REP.