FRANCES L. SEDLACZEK, Plaintiff, *v.* ANTONIA LUTTGEN DE DREUZY and Others, Defendants.

First Department, May 6, 1927.

Wills — construction of testamentary trust — testatrix created trust fund and directed that income thereof be paid to three daughters, one-fourth to each, and to two grandchildren one-eighth to each until two unmarried daughters should marry or die when issue of any dying should receive parent's share — will provided that in event any of three daughters died without issue " her or their share or shares shall be equally divided," one-fourth part to grandchildren in equal proportions and remainder to survivors of daughters equally — at termination of trust descendants included three children of one daughter and plaintiff, grandchild mentioned in trust — intent of testatrix was that grandchildren should share equally in one-fourth of share of daughter or daughters on death thereof and that balance should be divided equally between remaining heirs or survivors.

The testatrix established a trust fund for the benefit of three daughters and the children of a deceased daughter. She directed that one-fourth of the income be paid to each of the three daughters and one-eighth to each of the two grandchildren until the unmarried daughters should marry or die, and provided that the issue of any who might die should receive the parent's share. It was also provided that upon the marriage or death of both of the unmarried daughters the real estate, which was the principal of the trust fund, should be sold and the proceeds divided among the three daughters and the two grandchildren or their issue *per stirpes*, and that in case one of the grandchildren should die the other should receive the share of the deceased one. The particular clause under construction provides that if any of the three daughters should die without issue " her or their share or shares shall be equally divided as follows: the one-fourth part thereof to my said two grandchildren in equal proportions, and the remainder thereof to the survivors of my said daughters in equal proportions; and if any of them my said daughters or grandchildren shall have died leaving

issue, such issue shall take in the manner hereinbefore described." The clause under consideration is construed to mean that the testatrix intended that the children of the deceased daughter should receive only one-fourth of the share of either of the other daughters upon her decease and that the balance should be equally divided between the remaining heirs or survivors of said daughters. In other words, that the grandchildren of the deceased daughter should take equally as between themselves and that the surviving daughters of the testatrix should take equally as between themselves. There was no intent that the children of the deceased daughter should under all contingencies share equally in the trust estate with the surviving daughter or daughters of the testatrix, but that upon the death of any of the daughters the children of the deceased daughter should take only one-fourth of her share.

SUBMISSION of a controversy pursuant to section 546 of the Civil Practice Act.

*Wilmer J. McAllister* of counsel, for the plaintiff.

*Cornell S. Dikeman* of counsel [*Kaye, McDavitt & Scholer*, attorneys], for the defendants.

O'MALLEY, J. The submitted controversy requires the construction of a will. The plaintiff is a granddaughter of the testatrix, the only surviving child of one of her daughters. The three defendants are children of another daughter. The plaintiff, as descendant of one of the children of the testatrix, claims to be entitled to one-half of the trust fund here involved. The defendants, on the other hand, assert that she is entitled to only three-eighths thereof, and that they are entitled to five-eighths. Concededly the rights of the parties depend upon the interpretation of a single clause contained in the will.

The testatrix was one Tereza Diaz Granados de Tejada, hereinafter referred to as the testatrix. She executed her will in 1884 and died in 1889. At the date of the execution of the will and the date of her death, testatrix had three daughters living. Two, Piedad Tejada and Tereza Tejada were unmarried. Another, Francisca G. Luttgen was married, but without children. In addition, the testatrix had two grandchildren by a deceased daughter, of whom the plaintiff herein was one and the other, Norman L. Latson, since deceased. There were thus four branches of the testatrix's family, three daughters, and two children of a deceased daughter.

It is plaintiff's contention that when the will is considered as a whole there is to be found therein a clear intent on the part of the testatrix to have these four branches share equolly in her property. If this were the intent of the testatrix, the plaintiff must succeed and have judgment in her favor. The defendants contend that such intent is not to be found in the instrument.

A consideration of the provisions of the will discloses that after providing for certain bequests in the 1st clause, the testatrix in the 2d created a trust with respect to a parcel of real property at 237 Fifth avenue. She devised this to her executors in trust to collect the rents and profits and to apply the net income to the use of her three daughters, one-fourth to each and to her grandchildren, the plaintiff and her brother, one-eighth to each, until her daughters Piedad and Tereza should marry or die, the issue of any who might die to receive the parent's share.

The 3d clause provided that upon the marriage or death of both daughters, Piedad and Tereza, this real estate should be sold and the proceeds divided among her three daughters and the two grandchildren already named, or their issue, *per stirpes.* The clause further provided that if either of the two grandchildren should die during the continuance of the trust without issue, the surviving grandchild or his or her issue should receive the share of the one surviving. Then followed a provision for the disposition of the share of the daughters in the event of their death without issue. This is the clause which contains the doubtful language and presents the issue to be determined. Such provision is as follows: " and should any of my said three daughters before that time die without issue, her or their share or shares shall be *equally* divided as follows: the *one-fourth* part thereof to my said two grandchildren in equal proportions, and the remainder thereof to the survivors of my said daughters in equal proportions; and if any of them my said daughters or grandchildren shall have died leaving issue, such issue shall take in the manner hereinbefore prescribed." (Italics ours.)

The 4th clause provided that if for any reason the trust failed, said property was devised to the said three daughters and two grandchildren of the testatrix, as tenants in common, one-fourth to each daughter and one-eighth to each grandchild, and should any of such predecease the testatrix, leaving issue, such issue to take the parent's share. It was further provided that should either grandchild predecease testatrix without issue, the survivor was to take the share of such deceased also; and should both die during the life of the testatrix without issue, their shares were to be equally divided among the three daughters; and should any of the three daughters die during the lifetime of the testatrix without issue, her share was to be equally divided among the surviving daughters and the grandchildren *per stirpes.*

The trust terminated by the death of Tereza, unmarried, in October, 1924. Prior to that time and in 1919, the daughter Piedad, who was unmarried at the date of the execution of the will, died a widow, but without issue. The married daughter

Francisca died in 1910, leaving three daughters, the defendants herein. Norman L. Latson, the brother of the plaintiff, died in 1895, without issue. As already noted this leaves the plaintiff as the sole descendant of one of the four branches of the testatrix's family, and the defendants as the descendants of another branch.

Reference to the clause in question discloses an apparent inconsistency in the use of the word " equally " and the phrase " one-fourth part." Plaintiff urges that the use of the word first quoted denotes an intention on the part of testatrix to have the plaintiff and her brother share equally with the surviving daughters in the trust estate remaining after the death of any daughter. It is urged that the use of the phrase " one-fourth part " was a mere inadvertence on the part of the draftsman who should, for the purposes of construction, be deemed to have used the phrase "one-third part," as the estate would necessarily be divided into thirds and not fourths, on the death of a daughter of the deceased. It is urged that to give effect to the phrase " one-fourth part " and to entirely disregard the word " equally " will defeat the intention of the testatrix.

Defendants' counsel on the other hand contends that the testatrix, in the clause under consideration, clearly evinced an intention that the plaintiff herein and her brother, now deceased, should receive only one-fourth of the share of any deceased daughter, and that the balance should be equally divided between the remaining heirs or survivors of said daughters.

In attempting to reach a solution of the question we must have in mind the principle that the intention of the testatrix, if reasonably clear, is controlling, regardless of any rules that have been formulated for the construction of wills. (*Cammann* v. *Bailey*, 210 N. Y. 19.)

We have reached the conclusion that the contention of the defendants must be sustained. It is to be observed that the clause in question provided for distribution, not alone in the event of the death of one daughter, but of two or more. In the event that only one daughter died, it might not be unreasonable to take the view that there was an inadvertence on the part of the draftsman in the use of the phrase " one-fourth part," instead of one-third. However, in the event of two of the daughters dying, the phrase " one-third " would not do, for in such event the two grandchildren would not have been entitled to one-third, but to one-half, in the event that two of the daughters died, and to the whole, in the event that all of the daughters died. It seems clear that the word " equally," as used in this clause, is used in a broad and not a restricted sense. It relates to the two classes of beneficiaries, namely, the grand-

29

children who shall take equally as between themselves, and the surviving daughters who also shall take equally as between themselves. This interpretation gives effect to all language used by the testatrix, and recognizes the principle that " Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant." (*Matter of Buechner*, 226 N. Y. 440.)

In so far as this construction gives to the grandchildren a lesser proportionate share than that received by each of the surviving daughters, this disposition seems to be consistent with that provided for under similar contingencies arising during the operation of the trust, as detailed in paragraph 2 of the will. Such provision is as follows: " And if one or more of my said three daughters or of my said two grandchildren should die before I die, or during the continuance of said trust, leaving no child or grandchild, then my said executors or the survivor of them shall apply the share or shares of the said rents, issues and profits to which such deceased would have been respectively entitled had he, she or they survived, to the use of my said three daughters and my said two grandchildren, such of them as may survive, the one-eighth part thereof to each of my said grandchildren or if one of them shall have died without issue, then the one-fourth part thereof to the survivor of them and the remaining three-fourths parts thereof to be equally divided amongst my said three daughters *or the survivors of them;* " (Italics ours.)

It is to be observed that by the italicized portion of the provision in question three-fourths part of the income of the trust payable to the three daughters of the testatrix might in certain contingencies be shared equally between two, or even might pass to one of such daughters.

Considering the will, therefore, as a whole, and particularly the language last above referred to, we do not think it can be said that there was an intent on the part of the testatrix that the plaintiff and her brother should under all contingencies share equally in the trust estate, with the surviving daughter or daughters of the testatrix.

This construction of the will results in distribution as follows: Plaintiff, as the sole survivor of the two grandchildren living at the death of the testatrix, was upon the death of her brother entitled to one-fourth of the trust estate. Upon the death of the daughter Francisca, her one-fourth share of the entire estate became vested in her three daughters, the defendants. As this occurred in 1910 the remaining one-half of the estate was then divided equally between the two surviving daughters of the testatrix, Piedad and

Tereza. Upon the death of the former in 1919, without issue her surviving, a quarter of her share, or one-sixteenth of the entire estate, went to the plaintiff and the balance of her quarter was divided equally between her sister Tereza and the children of her sister Francisca. Each of these two branches of the family, therefore, received from Francisca three thirty-seconds of the entire estate. Upon the death of Tereza, her portion of the entire estate, or eleven thirty-seconds, went, one-fourth, or eleven one hundred and twenty-eighths of the entire estate, to the plaintiff, and the balance of her portion of the entire estate, or thirty-three one hundred and twenty-eighths thereof, to the defendants as children of Francisca. This leaves the original estate distributed as follows: fifty-one one hundred and twenty-eighths thereof in the plaintiff, and the balance, or seventy-seven one hundred and twenty-eighths thereof, in the defendants.

Judgment should be directed for defendants as here indicated, but without costs to either party.

DOWLING, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Judgment directed for defendants as indicated in opinion, without costs to either party. Settle order on notice.