In the Matter of the Estate of ELIZABETH HOWELL, Deceased.

Surrogate's Court, Suffolk County, April 29, 1932.

*Walter J. Vreeland*, for the petitioner.

*C. Gordon Nash*, for Thomas H. Howell, Jr., and others.

*Armstrong & Keith*, for the executors of will of Thomas H. Howell, deceased.

*Agar, Ely & Fulton* [*Alfred Ely* and *Charles S. Ernst* of counsel], for Corinne H. Strange.

PELLETREAU, S. Application is herein made for a construction of the last will and codicil thereto of Elizabeth Howell, deceased.

Clause " fifth " of the codicil reads:

" *Fifth.* * * * I give, devise and bequeath as follows: * * * The sum of Ten thousand ($10,000) dollars to my executors and executrix in said Will named, in trust nevertheless, and to pay to Mary E. Post Cantine, wife of Charles F. Cantine, of Albany Avenue, Kingston, New York, the income thereof during her natural life, and on her death to pay the said sum or principal thereof to the heirs of Henry B. Howell share and share alike. The sum of Five Thousand ($5,000) dollars to my executors and executrix in said Will named, in trust nevertheless, to pay to Mrs. Agnes Halbert, now living at 96 South Ninth Street, Brooklyn, the income thereof during her natural life, and on her death to pay the said sum or principal thereof to the heirs of Henry B. Howell, share and share alike. The sum of Five Thousand ($5,000) dollars to my executors and executrix in said Will named, in trust nevertheless, to pay to Eunice B. Hull of Hempstead, Long Island, the income thereof during her natural life, and on her death to pay the said sum or principal thereof to the heirs of Henry B. Howell, share and share alike. The sum of Five Thousand ($5,000) dollars to my executors and executrix in said Will named, in trust nevertheless, to pay Helen Ward Banks of Palisade Ave., Englewood, New Jersey, the income thereof during her natural life and on her death to pay the said sum or principal thereof to the heirs of Henry

B. Howell, share and share alike. The sum of Five Thousand ($5,000) dollars to my executors and executrix in said Will named, in trust nevertheless, to pay to Elizabeth H. Banks, of Englewood, New Jersey, the income thereof during her natural life, and on her death to pay the said sum or principal thereof to the heirs of Henry B. Howell share and share alike. The sum of Five thousand ($5,000) dollars, to my executors and executrix in said Will named, in trust nevertheless, to pay to Martha Burr Banks, of Englewood, New Jersey, the income thereof during her natural life, and on her death to pay the said sum or principal thereof to the heirs of Henry B. Howell, share and share alike."

Elizabeth Howell died February 22, 1902, leaving a will dated April 6, 1899, with codicil thereto dated July 13, 1900. The same were duly admitted to probate in this court April 5, 1902. The executors duly qualified. One of them, Thomas A. Howell, died April 19, 1930.

The petition herein is duly verified and upon it I rely for statement as to the relationship, ages of the parties and family history since Elizabeth Howell made her will.

Elizabeth Howell, the decedent, was a second wife of Benjamin Huntting Howell who died April 16, 1900. By him she had one child, Henry B. Howell, who also predeceased his mother. The papers indicate that she was in her sixty-ninth year when she made her will and was seventy years of age when she made the codicil thereto.

Said Henry B. Howell left a widow, Mary A. Howell. She died March 1, 1907, leaving two children, Thomas A. Howell and Corinne B. Howell (now Corinne Howell Strange). They were respectively about twenty-two and twenty years of age when said codicil was made, and were then unmarried. Thomas A. Howell, aforesaid, married shortly before his grandmother's death and died in 1930, leaving five children. Corinne B. Howell, aforesaid, likewise married sometime after the death of her grandmother, Elizabeth Howell, and is the mother of two children by her first marriage.

Two of the life tenants, Martha Burr Banks and Agnes Halbert, died during the lifetime of Thomas A. Howell, aforesaid, and the remainder of their trusts respectively were paid by the trustees, of whom Thomas A. Howell, aforesaid, was one, equally to Thomas A. Howell and Corinne Howell Strange, heirs of Henry B. Howell, deceased.

Another life tenant, Eunice B. Hull, has died since the death of Thomas A. Howell and her trust is to be distributed.

The question is, did Elizabeth Howell, the decedent, in giving

the remainder of each trust " to the heirs of Henry B. Howell," mean the heirs of Henry B. Howell living at the time of the death of the life tenants or those heirs living at the time of the death of said trustees or those heirs living at the time of the death of Henry B. Howell? It also is pertinent were these remainders vested or contingent.

Henry B. Howell died before his mother, the testatrix, leaving two children, Thomas A. Howell and Corinne B. Howell; both were living at the time of the grandmother's death. The heirs of Henry B. Howell were then definitely settled. Of weight in determining this matter is the fact that when Elizabeth Howell made her will and codicil her two grandchildren, Thomas A. Howell and Corinne B. Howell, were unmarried and as " the heirs of Henry B. Howell," testatrix's only child, they clearly were the natural objects of her bounty.

The papers indicate that Thomas A. Howell and James H. Post, trustees of the trust, close to the testatrix before her death, divided the remainders of the life estates of Agnes Halbert and Martha Burr Banks equally between Corinne B. Howell and said Thomas A. Howell, " heirs of Henry B. Howell." If Thomas A. Howell were now living would any claim now be made by any of his children to any part of the remainder of any of the said trusts?

I conclude that the remainder of the various trusts vested at the death of Elizabeth Howell, the testatrix, in Thomas A. Howell and Corinne B. Howell, " heirs of Henry B. Howell." I think the conditions in this case and the law favor such construction. (See *Matter of Munroe*, 107 Misc. 408, and *Canfield* v. *Fallon*, 43 App. Div. 561, and the well-reasoned opinions and authorities cited in each.)

The remainder of the trust estate for Eunice P. Hull, Mary E. Post Cantine, Helen Ward Banks and Elizabeth H. Banks, upon the death of the life tenants, likewise should be distributed and paid over, one-half to Corinne B. Howell Strange (formerly Corinne B. Howell) and one-half to the executors of the last will and testament of Thomas A. Howell, deceased.

Decree accordingly.