## In the Matter of the Estate of FRED BEUSCHER (Also Known as FREDERICK BEUSCHER), Deceased.

Surrogate's Court, Richmond County, May 13, 1932.

*C. Ernest Smith*, for the petitioner.

*Frederick S. Dunn*, for Mada Eleanora Beuscher.

SMITH, S. Application has been made to this court for the probate of the will of one Fred Beuscher (also known as Frederick Beuscher) and the judicial construction of the " second " clause of said will, which reads as follows:

" *Second.* I give, devise and bequeath to my wife, Mada Eleanora Beuscher, at present residing at No. 323 *Columbia* Street, Union Hill, New Jersey, one-third of all my real and personal estate, the same to be *excepted* by her, in lieu of all dower and thirds that she may be entitled to of my estate, the amount of the same to be computed according to the Mortality Tables."

It appears from extrinsic evidence taken in the matter of the construction that the decedent, who was a baker by trade, and retired at the time of the execution of the will on May 6, 1923, was separated from his wife at that time; that the decedent and his wife were married in July, 1913, and lived together only until November, 1914, when they separated. They were both elderly people at the time of the marriage, and there were no children. They never lived together after November, 1914.

The will was prepared by a layman to whom a slip of paper

containing the words of the " second " clause was furnished by the decedent. A reading of said " second " paragraph of said will indicates an intention of the decedent to give to his widow a gross sum from one-third of his real and personal estate to be computed according to the Mortality Tables, and such intention will be more clearly expressed by a transposition of the last clause of said paragraph to the place following the words " personal estate," so that the clause would read " one-third of all my real and personal estate, the amount of the same to be computed according to the Mortality Tables and the same to be accepted by her in lieu of all dower and thirds that she may be entitled to of my estate." Such transposition can be made in aid of the decedent's intent and purpose. (*Tilden* v. *Green*, 130 N. Y. 29; *Matter of Whiting*, 33 Misc. 274.) And I have also changed the word " excepted " to read " accepted " to make the proper sense in said paragraph, as I find that that was the word that was intended.

I am requested by the attorney for the widow to reject the last clause of said " second " paragraph as meaningless, but as determined in *Sedlaczek* v. *de Dreuzy* (220 App. Div. 446), " words in a will are never to be rejected as meaningless or repugnant, if by any reasonable construction they may be made consistent and significant."

The fact that the decedent and his wife had lived together but a short period of time, and that there were no children of the marriage, was considered by me in arriving at the conclusion that the decedent did not intend to give to his wife an absolute third of all his real and personal estate, but only to give to her a gross sum from said one-third, the value to be computed according to her age. It is quite evident that said decedent believed that such provision which he made for his widow would be what she would otherwise get from his estate in the absence of a will, *i. e.*, the use of one-third of his real and the use of one-third of his personal estate during her life.

There is no reason why the widow cannot refuse to accept such provision made for her by said will, if she considers that her dower interest in the real estate of the decedent is of greater value than the provision which I have found the decedent intended to make for her.

Prepare decree admitting will to probate and construing " second " paragraph of the same in accord with this decision.