FRED VANDE MARK et al., Plaintiffs, *v.* RAYMOND L. WOODWARD et al., Defendants.

Fourth Department, June 27, 1945.

*Laurence H. Kissel* for plaintiffs.

*Kenneth W. Fuller* for defendants.

HARRIS, J.   This is a submission of a controversy on an agreed statement of facts.   (Civ. Prac. Act, §§ 546–548.)

The controversy arises as to the marketability of the title of certain real property situated in the Town of Alexandria, County of Jefferson, this State.   The single question submitted is: " Do the provisions of the Will of William L. Hibbard dated October 28, 1902 and recorded in the Jefferson County Clerk's Office November 21, 1907 in Book 5 of Deeds at page 358 render the title tendered by the plaintiffs to defendants unmarketable? " If the question is answered in the affirmative, then we are to render judgment relieving the parties from a contract to purchase the real property and for the return of a down payment

on the purchase price thereon; and if the question is answered in the negative and thus the title declared to be marketable, then judgment is to be rendered requiring the defendants to perform the contract for the purchase of the property and to accept the deed therefor and to pay the consideration of purchase stated in the contract.

As will be seen from the question above stated, the marketability of the title depends on the construction of certain provisions of the last will and testament of one William L. Hibbard, who died on September 13, 1907, seized of a good title to such real property. He left him surviving a widow Anna H. Hibbard, a son Leander P. Hibbard, and a son Richard H. Hibbard, and a granddaughter Maudie, or Maudy, M. Hibbard, the daughter of Leander P. The son Richard had a wife named Cary or Carie. The son Leander had a wife called Clary, who was also known as Clara, and she was the mother of Maudie, or Maudy. Previous to his death, William L. Hibbard, the father and grandfather, executed and published his last will and testament. This instrument was duly probated. The will evidently was homemade and written in homely language.

The provisions of the will which are to be construed and which have to do with the premises in question are in the second paragraph thereof, quoted as follows:

" Second. To my son Leeander P. Hibbard, I give the privalege of occupying & having the produce, or of renting & having the rent for his use & suppoe so long as he may live of the farm belonging to me which he now occupies situated in Goos Bay Settlement, Town of Alexandria Jefferson Co. N. Y. but now forever or write to sell or dispose of the farm. And if his wife Clary out lives him she shall have the same privalege during her widow hood after which the place shall go to his legitimate children, if any. I also give him all the personal property belonging to me in the town of Alexandria. All of which shall be his share."

As pertinent to the construction of such paragraph second, it is necessary to consider paragraphs third and fifth of the will, which are as follows:

" Third. To my son Richard H. Hibbard I give the privalege of occupying and having the produce or of renting & having the rent for his use & support so long as he may live of the farm belonging to me situated on Grenadier Island in the front of Escott Co. of Leeds & province of Ontario. And if his wife Cary out lives him she shall have the same write and privalege during her widowhood after which it shall go to his legitimate children,

if any. I also give him the Island belonging to me known as Shanty Island & I also give him all the personal property belonging to me in canada. This shall be his share.''

'' Fifth: The places I leave my widow after she ceaces to be such, and the place occupied by Leeander & his wife Clary after their death if they have no children as well as the place I leave Henry & Cary after their death if they have no children may each & all go to my legitimate heirs if any, and if there should be none then to the state to be used by the by the authorities for charitible purposes.''

By deed recorded in the Jefferson County Clerk's Office November 9, 1907, Richard H. Hibbard and his wife Carie J. Hibbard, Maudy (Maudie) Hibbard and Anna H. Hibbard, the widow of William L. Hibbard, conveyed to Leander P. Hibbard the premises described in such paragraph second of the will of William L. Hibbard, and by another deed recorded in the Jefferson County Clerk's Office December 6, 1911, Clary (Clara) Hibbard conveyed the same premises to Leander P. Hibbard. Subsequent thereto and by warranty deed recorded in the Jefferson County Clerk's Office April 2, 1925, Leander P. and his wife Clary (Clara) conveyed such premises to Fred Vande Mark and Bertha H. Vande Mark. Subsequent to such conveyances and by warranty deed dated July 18, 1932, recorded in the Jefferson County Clerk's Office, November 9, 1932, these Vande Marks conveyed the premises to the Citizen's Trust Company of Schenectady. Following such last-described conveyance, Citizen's Trust Company of Schenectady, by warranty deed dated March 22, 1943, conveyed to M. Margaret Vande Mark, one of the parties described as plaintiff herein, the premises in question and such deed was recorded in the Jefferson County Clerk's Office April 1, 1943.

Leander P. Hibbard died on or about the 10th day of March, 1927, and is still survived by his widow, Clary, or Clara, and his daughter Maudie, or Maudy.

August 1, 1944, the plaintiffs and the defendants entered into a contract in writing for the sale by the plaintiffs and purchase by the defendants of such property. The closing of such contract and the transfer of title are dependent on our decision on facts submitted herein, which facts are briefly stated in the foregoing.

The immediate and controlling question to be decided is whether title to the remainder of the real property involved in this suit vested in Maudie (also known as Maudy) Hibbard on the occurrence of the death of her grandfather William L. Hib-

bard. If it so vested, then from the time of his death her title could not be challenged except by the birth of other children to Leander P. and Clary, or Clara, Hibbard. No such children were born. (Real Property Law, §§ 40, 48; *Canfield* v. *Fallon,* 43 App. Div. 561, affd. 161 N. Y. 623.)

In construing the provisions of the will pertinent to this submission, we bear in mind that the intention of the testator, if reasonably clear, is controlling regardless of any other rules that have been formulated for the construction of wills (*Cammann* v. *Bailey,* 210 N. Y. 19; *Moak* v. *Moak,* 8 App. Div. 197) and " if a general scheme can be found to have been intended and provided for in the instrument, and such general scheme is consistent with the rules of law, * * * it is the duty of courts to effectuate the main purpose of the " testator. (*Roe et al.* v. *Vingut,* 117 N. Y. 204; *Dunkel* v. *Homindustries, Inc.,* 275 N. Y. 327; *Salter* v. *Drowne,* 205 N. Y. 204.) We also bear in mind the rule that the law favors the vesting of estates at an early date and " that a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as being vested." (*Hersee* v. *Simpson,* 154 N. Y. 496, 500; *Nelson* v. *Russell et al.,* 135 N. Y. 137; *Livingston et al.* v. *Greene et al.,* 52 N. Y. 118.) With these rules in mind, we examine the will of the late William L. Hibbard and those portions thereof which have to do with the transfer of his real estate. In connection with such examination the defendants argue that the language of paragraph second of the will " to my son Leeander P. Hibbard, I give the privalege of occupying & having * * * so long as he may live of the farm * * * but now forever or write to sell or dispose of the farm " denotes futurity especially when it is noted that such language is not used in paragraph third of the will in reference to that portion going to Richard H. Hibbard and his family. At best, it is difficult to determine what the words " now forever or write to sell " mean, but a fair construction would be that the testator meant " not for ever or right to dispose " of the farm. Any difference between paragraph second and paragraph third of the will can be ascribed to the fact that the will was not drawn by a skilled draftsman, and what difference there may be is not important.

The defendants further argue that the fifth paragraph of the will, above quoted, which is substitutional in nature, excludes the thought that by paragraph second the late William L. Hibbard intended that Maudie Hibbard should have an interest vested at the time of his death. The context of the will is such that we

cannot favor these contentions of the defendants. Taking the will as a whole, it is evident that the testator had in mind the following scheme: That each of the sons should have the use of certain specific premises and that on the death of a son the son's widow should have the same privilege, but that at all times the remainder should go to the legitimate children of the son in question; and there is no language in the will which by fair construction could mean that the vesting of the remainder was contingent on some event later than the death of the testator. In making the so-called substitutional paragraph of the will (paragraph fifth) the testator simply provided for a situation which would exist if he (the testator) died at a time when his son Leander had no legitimate children, and he made the same provision in reference to Henry. What the testator wished to occur was that title would be in those whom he knew at the time of his death and that wish is carried out by a construction of the will to the effect that Maudie (Maudy), when William L. Hibbard died, became the remainderman vested with title to the portion of the real estate the use of which was given to her father and on his death to her mother. (*Cleere* v. *Riley,* 123 Misc. 9, affd., no opinion, 210 App. Div. 813, affd., no opinion, 240 N. Y. 556; *Canfield* v. *Fallon,* 161 N. Y. 623, affg. 43 App. Div. 561; *Sedlaczek* v. *de Dreuzy,* 220 App. Div. 446; *Loeb* v. *Hasslacher,* 209 App. Div. 58.)

The deeds given by Richard H. Hibbard and Cary (Carie) J. Hibbard and Maudie (Maudy) Hibbard and Anna H. Hibbard, recorded in the Jefferson County Clerk's Office November 9, 1907, and by Clary (Clara) Hibbard, recorded in the Jefferson County Clerk's Office December 6, 1911, vested title to the premises in question solely in Leander P. Hibbard, and the later and mesne transfers to M. Margaret Vande Mark, one of the plaintiffs herein, vested marketable title in the said M. Margaret Vande Mark.

The question submitted should be answered in the negative and based on such answer this court should direct judgment in favor of the plaintiffs Fred Vande Mark and M. Margaret Vande Mark against the defendants Raymond L. Woodward and Olive E. Woodward, adjudging and decreeing that the defendants perform the contract of sale and purchase dated August 1, 1944, and that they (the defendants) accept a full covenant warranty deed of the premises described in the submission of the facts from plaintiffs, and on such conveyance pay to the plaintiffs the purchase price for such premises as described in the agreement of August 1, 1944.

All concur. Present — TAYLOR, P. J. DOWLING, HARRIS, McCURN and LOVE, JJ.

Submitted controversy determined in favor of plaintiffs, without costs.

Question submitted answered in the negative.